WALDEN, Judge.
This is a petition for common law certio-rari brought by Peterson and Beeson. They were twenty (20) and nineteen (19) years of age, respectively, at the time they were arrested for trafficking in cocaine. They moved for a determination of youthful offender status pursuant to Section 958.04(2)(a)-(g), Florida Statutes (1983). Ultimately, the trial court ordered:
The Court finds that it is premature at this time to make a determination regarding the Defendants’ status as youthful offenders pursuant to Chapter 958, Florida Statutes.
The Court finds that the provisions of Chapter 958, Florida Statutes, supersede and pre-empt the minimum mandatory sentencing provisions provided for in Fla. Stat. § 893.135.
The issue now presented is whether the trial court must conduct a pre-plea or pretrial hearing and there determine whether a defendant will be sentenced as a youthful offender under the Youthful Offender Provisions of Section 958.04, Florida Statutes (1983). In other words, these defendants want to know, before they enter a plea or go to trial, if they will be treated as youthful offenders. We hold that the trial court is not required to conduct such hearing. Thus, we deny the petition for certiorari.
Eligibility for youthful offender classification is established pursuant to Section 958.04, Florida Statutes (1983):
958.04. Eligibility for youthful offender classification
(1) The court may classify as a youthful offender any person: (emphasis added).
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
*513 (b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant’s 21st birthday; and (emphasis added)
(c) Who has not previously been classified as a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified as a youthful offender under this act.
(2) The following criteria shall be considered in determining whether to classify as a youthful offender a person who meets the requirements of subsection (1):
(a) The seriousness of the offense to the community and the protection of the community;
(b) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner;
(c) Whether the offense was against persons or property;
(d) The sophistication and maturity of the defendant, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living;
(e) The record and previous history of the defendant, including:
1. Previous contacts with the department, the Department of Health and Rehabilitative Services, other law enforcement agencies, and courts;
2. Prior periods in a community control program;
3. Prior violations of law; and
4. Prior commitments to institutions;
(f) The likelihood of reasonable rehabilitation of the defendant if he is assigned to youthful offender services and facilities; and
(g) Whether classification would:
1. Reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense; and
2. Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
Neither side has shown us, and we have not found, any case or other authority that bears on the present issue.
We read and interpret the statute as being permissibly applicable in the discretion of the trial court. As concerns a defendant seeking such youthful offender status, it is somewhat a matter of grace. We hinge this upon the general language of the statute and particularly the opening or threshold language, “The Court may classify as a youthful offender any person.” Had the legislature intended mandatory application we feel that the act well may have provided, “The Court shall, etc.”
At what point in time should the trial court consider the question of youthful offender classification? Clearly, the critical provision is found in Section 958.04(l)(b), Florida Statutes (1983), which provides that the trial court may classify as a youthful offender any person “who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime ...”. This provision governs and is exactly opposite to Petitioners’ contention. Thus, we hold that the determination shall be made, by statutory mandate, subsequent to an adjudication of guilt or the trial court’s acceptance of a guilty or nolo contendere plea. We see no basis whatever for re-writing the statute to conform with Petitioners’ wishes.
Petition for writ of certiorari is
DENIED.
DOWNEY and DELL, JJ., concur.